IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUDITH E. TROTTER,                              06-CV-452-BR

        Plaintiff,                         OPINION AND ORDER

v.

JO ANN B. BARNHART,
Commissioner of Social
Security Administration,

        Defendant.


DAVID W. HITTLE
Swanson, Lathen, Alexander & McCann
Suite 1000, 388 State Street
Salem, OR 97301
(503) 581-2421

        Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

1  -  OPINION AND ORDER

(503) 727-1000
**MICHAEL McGAUGHRAN**
Regional Chief Counsel, Region X, Seattle
**DAVID M. BLUME**
Special Assistant U.S. Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075
(206) 615-2212

    Attorneys for Defendant


**BROWN, Judge.**

    Plaintiff Judith E. Trotter seeks judicial review of the
Social Security Commissioner's final decision denying her
application for Disability Insurance Benefits (DIB) under Title
II of the Social Security Act.  This Court has jurisdiction under
42 U.S.C. §§ 405(g) and 1383(c).

    Following a thorough review of the record, the Court affirms
the Commissioner's final decision and dismisses this case.


## ADMINISTRATIVE HISTORY

    Plaintiff filed her most recent application for DIB on
October 15, 2002.  The application was denied initially and on
reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on March 16, 2005.  Because a vocational expert (VE) was
unable to attend the first hearing, a second hearing was held on
May 14, 2005.  Plaintiff was represented by an attorney.

    The ALJ issued a decision on June 28, 2005, in which he
found Trotter was not entitled to benefits.  That decision became

2  -  OPINION AND ORDER

the final decision of the Commissioner on February 15, 2006, when
the Appeals Council denied Trotter's request for review.


## BACKGROUND

Trotter was born in 1940.  She completed high school.
Tr. 115, 133.[1]  She worked as a laundress, cosmetologist, and
classroom instructional assistant until 2002.  Tr. 128, 136.
Trotter asserts she is unable to work due to a head injury
suffered in December 2001 that caused her to experience temporary
blindness, dizziness, depression, and anxiety.  Tr. 127.  Trotter
contends she has been disabled and unable to work because of
these impairments since March 6, 2002.  Tr. 127.


## DISABILITY ANALYSIS

The Commissioner engages in a sequential process
encompassing between one and five steps when determining whether
a claimant is disabled within the meaning of the Act.  *See*
20 C.F.R. § 404.1520(a).  *See also Bowen v. Yuckert*, 107 S. Ct.
2287, 2291 (1987).

At Step One, the ALJ determines whether the claimant is
performing substantial gainful activity.  If she is, the claimant

---

[1] Citations to "Tr." refer to pages in the official
transcript of the administrative record filed with the
Commissioner's Answer.

3 - OPINION AND ORDER

is not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At Step Two, the ALJ determines whether the claimant has
"a severe medically determinable physical or mental impairment"
that meets the twelve-month duration requirement. 20 C.F.R.
§ 404.1520(a)(4)(ii). If the claimant does not have a severe
impairment, she is not disabled. *Id.*

At Step Three, the ALJ determines whether the severe
impairment meets or equals a "listed" impairment in the
regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment
is determined to equal a listed impairment, the claimant is
disabled.

If the ALJ's adjudication proceeds beyond Step Three,
the ALJ must first evaluate medical and other relevant evidence
to assess the claimant's residual functional capacity (RFC).
The claimant's RFC is an assessment of work-related activities
that the claimant may still perform on a regular and continuing
basis despite limitations imposed by her impairments. 20 C.F.R.
§ 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p.
The ALJ uses this information to determine whether the claimant
can perform past relevant work at Step Four. 20 C.F.R.
§ 404.1520(a)(4)(iv). If the claimant cannot perform past
relevant work, the ALJ must determine whether the claimant can
perform other work in the national economy at Step Five.
*Yuckert*, 107 S. Ct. at 2291. *See also Tackett v. Apfel*, 180 F.3d

1094, 1098 (9th Cir. 1999); 20 C.F.R. § 404.1520(a)(4)(v).

The initial burden to establish disability rests with the claimant. *Tackett*, 180 F.3d at 1098.  If the process reaches Step Five, the burden shifts to the Commissioner to show that jobs exist in the national economy that the claimant can perform. *Yuckert*, 107 S. Ct. at 2291.  *See also Tackett*, 180 F.3d at 1098. If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1566, 404.1520(g).


### THE ALJ'S FINDINGS

In his June 2005 decision, the ALJ found Trotter's ability to work was limited by her post-concussion syndrome and migraine headaches.  Tr. 25.  The ALJ, however, found Trotter's "statements concerning her impairments and their impact on her ability to sustain work activities not fully credible."  Tr. 22. The ALJ assessed Trotter's RFC as follows:

> The claimant retains the following residual
> functional capacity:  a narrow range of light
> work activity; however, limitations include
> only occasionally climbing ramps and stairs,
> but never ladders, ropes, or scaffolds.  She
> should also occasionally balance and crawl,
> but can frequently stoop, kneel and crouch.
> Claimant should also avoid even moderate
> exposure to hazards.

Tr. 25.

Drawing on a VE's testimony, the ALJ found Trotter's RFC allowed her to perform her past relevant work as an instructional

assistant.   Tr. 25.   Accordingly, the ALJ determined Trotter was
not disabled within the meaning of the Act at any time through
the date of the ALJ's decision.   Tr. 25-26.

Trotter challenges the ALJ's evaluation of the evidence and
his conclusions at Steps Three and Four.

## STANDARDS

The reviewing court must affirm the Commissioner's decision
if the Commissioner applied proper legal standards and the
findings are supported by substantial evidence in the record.
42 U.S.C. § 405(g).   *See also Batson v. Comm'r of Soc. Sec.
Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).   The court must
weigh "both the evidence that supports and detracts from the
Commissioner's conclusion."   *Magallanes v. Bowen*, 881 F.2d 747,
751 (9th Cir. 1989)(citing *Martinez v. Heckler*, 807 F.2d. 771,
772 (9th Cir. 1986)).   The reviewing court "may not substitute
its judgment for that of the Commissioner."   *Edlund v. Massanari*,
253 F.3d 1152, 1156 (9th Cir. 2001).   Variable interpretations
of the evidence are insignificant if the Commissioner's
interpretation is a rational reading.   *Magallanes*, 881 F.2d at
750.   *See also Batson*, 359 F.3d at 1193.

## DISCUSSION

Trotter contends the ALJ failed to determine an accurate RFC

assessment because he failed to credit Trotter's testimony, improperly evaluated the medical evidence, and improperly evaluated lay-witness testimony.  Trotter also contends the ALJ solicited inadequate vocational expert testimony because the ALJ relied on an incorrect RFC assessment.

## 1.    **Trotter's Credibility**

The ALJ concluded Trotter's testimony was not fully credible on the basis that Trotter, among other things, seemed to consider herself to be retired and, therefore, was motivated by secondary gain when she applied for benefits.  Tr. 22.  The ALJ also noted inconsistencies between Trotter's reported limitations and the medical evidence.  Tr. 23.  Finally, the ALJ considered Trotter's daily activities.  Tr. 23.  The ALJ's conclusion that Trotter's testimony was not fully credible, in turn, influenced the ALJ's interpretation of Trotter's medical record.

The ALJ must provide clear and convincing reasons for discrediting a claimant's testimony regarding the severity of her symptoms.  *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).  The ALJ's findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony."  *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).  The ALJ may consider objective medical evidence and the claimant's treatment history as well as the claimant's daily activities, the claimant's work record, and the

observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284.  In addition, the ALJ may employ ordinary techniques of credibility evaluation such as weighing a claimant's inconsistent statements regarding symptoms. *Id*.

### a.  Trotter's Work History

The ALJ may consider a claimant's work history when making a credibility decision. *Smolen*, 80 F.3d 1284.  Although Trotter presents a work history, she does not establish the dates that she worked.  Tr. 128, 136, 376.  The burden of supplying such information is on the claimant. *Tackett*, 180 F.3d at 1098.

As noted, the ALJ concluded Trotter considered herself to be retired based on her reports.  Tr. 18-19.  The ALJ also noted Trotter received a worker's compensation settlement and PERS retirement benefits.  In addition, the ALJ pointed out Trotter's onset date coincided with her lay-off date in March 2002. Tr. 22.  From this information, the ALJ inferred Trotter would have "little incentive to return to work."  Tr. 22.  Trotter does not rebut the ALJ's conclusion, but merely states in her opening brief that her "decision to apply for Social Security retirement benefits and PERS was in response to her being laid off by her employer."

Trotter's unspecified work history does not explicitly establish that she has a disincentive to work.  The ALJ, however,

inferred as much from her statements that suggested she considered herself to be retired and from the fact that she received retirement benefits. Tr. 22. This Court finds the ALJ reasonably may infer from this information that Trotter has little incentive to work. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). *See also Batson*, 359 F.3d at 1193.

The ALJ, however, does not give legally sufficient reasons to support his speculation as to Trotter having a secondary gain motivation. Applications for disability insurance are, by definition, applications for financial assistance. If the mere desire for or expectation of obtaining benefits were sufficient to discredit a claimant, no claimant would be found credible. *See Ratto v. Sec'y of Health and Human Serv.*, 839 F. Supp. 1415, 1428-29 (D. Or. 1993).

**b.   Trotter's Activities of Daily Living**

The ALJ found Trotter "acknowledged an ability to perform household activities necessary to maintain her home and care for a husband who suffered a stroke. She had to help him dress and bathe. She also does gardening and grocery shopping." Tr. 23. The ALJ may give weight to discrepancies between reported daily activities and alleged impairments. *Smolen*, 80 F.3d at 1284.

The ALJ also noted Trotter's vacation plans and activities with the Elks Lodge and the plans of Trotter and her husband to take "multiple vacations at the Coast." Tr. 19, 23.

A claimant's daily activities may suggest the claimant retains an ability to perform work activities. *Orteza*, 50 F.3d at 750. Thus, the Court finds the ALJ reasonably relied on these daily activities of Trotter in his credibility assessment.

### c.    Trotter's Treatment Record

The ALJ found

> [t]he medical treatment reports of record . . . have been inconsistent with [Trotter's] allegations of disabling impairments. Contrary to allegations that she experienced episodes of debilitating physical and mental symptoms, the treatment reports reveal that she experienced a good response to antidepressant medication and sought visits with mental health treatment sources frequently.

Tr. 23.

The ALJ may not rely solely on the medical record as a basis for rejecting a claimant's symptom testimony, but he may include the medical record as one of several factors. *Smolen*, 80 F.3d at 1282. Here the ALJ cited Trotter's treatment record in addition to her activities of daily living and his concerns regarding her incentive to work.

On this record, the Court concludes the ALJ did not err when he found Trotter's testimony was not fully credible because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

### 2.    **Medical-Source Statements**

Trotter contends the ALJ improperly rejected the opinion of

treating psychologist, Gregory A. Cole, Ph.D.  The ALJ, however, did not reject Dr. Cole's opinion and, in fact, cited Dr. Cole's treatment notes at length.  Tr. 18.  The ALJ noted Trotter's reports to Dr. Cole of "memory problems, decreased energy and concentration, diminished appetite, decreased sexual interest, some feelings of guilt and sleeping only six to seven hours each night."  Tr. 18.  In addition, the ALJ cited Dr. Cole's diagnosis of adjustment disorder with symptoms of depression and anxiety, but the ALJ found these symptoms to be nonsevere.  Tr. 18, 25.  The ALJ also noted Dr. Cole did not find Trotter had a cognitive disorder.  Tr. 18, 25.

The ALJ did not accept Dr. Cole's limitations regarding Trotter's headaches and falls.  Tr. 24.  The ALJ found the record did not support these limitations and observed Dr. Cole "is not a medical doctor, but is a psychologist.  Thus, he is not qualified to make such statements."  Tr. 24.

Trotter does not challenge the ALJ's finding that her emotional symptoms are nonsevere, but she asserts the ALJ improperly failed to include the limitations regarding her headaches and falls and cites Dr. Cole's notes regarding her emotional symptoms to support her assertion.  Dr. Cole's notes, however, do not support his ultimate finding of limitations based on Trotter's falls and headaches.  Tr. 203-07, 311.  The notes only reflect Trotter's reports of headaches to Dr. Cole.

If an ALJ finds a claimant's testimony is not credible, he is not required to credit statements made by the claimant to a physician. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). In addition, an ALJ is not required to incorporate in his findings all of the aspects of a medical opinion or source. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). The ALJ also may reject inadequately supported medical opinions. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). On this record, the Court finds the ALJ did not err in his analysis of Dr. Cole's treatment record.

Trotter also suggests her treating physician, Gordon E. Banks, Ph.D., supported Dr. Cole's finding as to Trotter's limitations due to headaches and falling. Trotter asserts in her Opening Brief that "Dr. Banks has opined that claimant's balance problems and falls are due to vestibular symptoms which are common with head injury as well as migraine." Dr. Banks's notes reflect his assessment of migraine and post-concussive syndrome between January 2002 and November 2004. Tr. 309-21. Although Dr. Banks noted Trotter's report of dizziness at his initial consultation with Trotter in January 2002, his notes do not reflect any other indication of this symptom. Tr. 319. Dr. Banks also reported in August 2003 that Trotter's headaches are being adequately treated. Tr. 313. An additional note in November 2004 reflects a reported fall, and Dr. Banks suggested

Trotter might need a walker if she continued to fall.  Tr. 321.
This note, however, does not establish Trotter's reported falls
are a continual or significant impairment.  An ALJ may reject an
opinion not supported by adequate clinical notes.  *Bayliss*, 427
F.3d at 1216.

On this record, the Court concludes the ALJ did not err in
the weight that he gave to the opinions and medical treatment
notes of Drs. Cole and Banks because the ALJ provided legally
sufficient reasons supported by substantial evidence in the
record for his conclusions.

**3.    Lay-Witness Testimony**

Trotter asserts the ALJ improperly rejected the testimony of
her husband, Marvin Trotter.  The ALJ recited Marvin Trotter's
observations that Trotter takes daily short walks, visits the
store daily, grocery shops two or three days per week, gardens,
sews, does crafts, prepares meals, and participates in Elks Lodge
activities.  Tr. 23.  The ALJ noted Marvin Trotter stated his
wife experiences headaches once or twice per week and suffers
from depression.  Tr. 23.  The ALJ also noted Marvin Trotter
handles the family finances and that Trotter no longer drives.
Tr. 23.  The ALJ concluded:  "Mr. Trotter's statements do not
provide credible evidence of debilitating physical or mental
limitations.  He is not a credible objective evaluator of her

physical or mental abilities to perform work activities."
Tr. 23.

The ALJ must consider lay-witness testimony. 20 C.F.R.
§§ 404.1513(d), 404.1545(a)(3). *See also Lewis v. Apfel*, 236
F.3d 503, 511 (9th Cir. 2001). Friends and family members in a
position to observe the claimant's symptoms and daily activities
are competent to testify regarding the claimant's condition.
*Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The value
of lay-witness testimony, however, is in eyewitness observations
that may "often tell whether someone is suffering or merely
malingering." *Dodrill*, 12 F.3d at 918. The ALJ may not reject
such testimony without comment, but he may reject lay testimony
that is inconsistent with medical evidence. *Lewis*, 236 F.3d at
512. *See also Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.
1996). If an ALJ rejects lay-witness testimony entirely, he must
give reasons germane to the witness. *Id.*

Here the ALJ did not give a germane reason for finding
Marvin Trotter's observations not credible. Tr. 23. Generally
such an omission is clear error. *Nguyen*, 100 F.3d at 1467. The
ALJ, however, is not required to discuss evidence that is
"neither significant nor probative." *See Howard v. Barnhart*, 341
F.3d 1006, 1012 (9th Cir. 2003). Although Marvin Trotter
testified Trotter experiences headaches "once or twice per week"
and has experienced depression in the past year, Tr. 23, Marvin

14 - OPINION AND ORDER

Trotter's testimony does not establish Trotter's vocational
limitations.

Accordingly, the Court concludes any error by the ALJ in
rejecting Marvin Trotter's lay testimony when the ALJ assessed
Trotter's RFC is harmless. *See Stout v. Comm'r*, 454 F.3d 1050,
1054 (9th Cir. 2006).

**4.    Hypothetical Questions to the VE**

Trotter asserts the ALJ erred by omitting Trotter's
"repetitive falls" in his hypothetical questions to the VE.

The ALJ must include all limitations supported by
substantial evidence in his hypothetical question to the VE, but
he may exclude unsupported limitations and disregard VE testimony
based on unsupported limitations. *Bayliss*, 427 F.3d at 1217.
*See also Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir.
2001).

Here the ALJ's questions to the VE included limitations and
restrictions identified in Trotter's appropriately supported RFC
assessment. Tr. 376. As noted, the ALJ did not find other
limitations were supported by the medical record. The Court,
therefore, concludes the ALJ did not err when he omitted any
other limitations from his hypothetical questions to the VE. *See
Osenbrock,* 240 F.3d at 1164-65. *See also Magallanes,* 881 F.2d
at 757.

In summary, this Court finds the record supports the ALJ's

15 - OPINION AND ORDER

conclusion that Trotter is not entirely credible and that her reports of headaches, depression, dizziness, and falling do not have a dispositive effect on her ability to work; Trotter failed to show the ALJ's RFC assessment was erroneous; and the ALJ appropriately included all limitations identified in his RFC assessment of Trotter in his hypothetical questions to the VE.

Accordingly, this Court concludes the Commissioner's decision that Trotter is not disabled and is not entitled to benefits under Title II of the Social Security Act is based on correct legal standards and supported by substantial evidence in the record.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 1st day of November, 2006.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


16 - OPINION AND ORDER